UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| John Reese,<br><br>       Plaintiff,<br><br>v.<br><br>City of Stamford,<br><br>       Defendant. | Civil No. 3:23-cv-001272 (SVN)<br><br><br>December 6, 2023 |

**RECOMMENDED RULING ON INITIAL REVIEW UNDER 28 U.S.C. § 1915(e)**

**I.   INTRODUCTION**

This is a lawsuit filed by John Reese against the City of Stamford ("City"). Plaintiff is currently serving a five-year sentence for evading responsibility after a fatal car accident. He alleges that the City's failure to properly light the street caused the accident, and he is now seeking relief under 42 U.S.C. § 1983. As part of his complaint, he seeks damages for the "pain and suffering" including the "mental and emotional damage" he experienced. It is unclear whether plaintiff is referring to the pain and suffering he experienced as a result of the accident or from being imprisoned as a consequence. In any event, he sought and was granted leave to proceed *in forma pauperis*, or "IFP," meaning that he was permitted to begin his case without paying the customary filing fee. (ECF Nos. 2, 8.)

When a plaintiff seeks leave to proceed IFP, a statute directs the court to undertake two inquiries. First, the court reviews the plaintiff's financial affidavit and determines whether he is truly unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that he is not abusing the privilege of filing a free lawsuit, the court examines his complaint and dismisses any claim that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). And in all cases – not just IFP cases – the court reviews the complaint to determine whether it has jurisdiction over the subject matter. In other words, the court asks itself whether this is the sort of case that it is empowered to hear.

United States District Judge Sarala V. Nagala referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct this inquiry.[1] As discussed below, I recommend that plaintiff's complaint be dismissed without prejudice. His complaint "fails to state a claim" under the statute he cites – 42 U.S.C. § 1983 – because there is no constitutional right to a well-lit street, nor does he cite any law or federal constitutional provision that the City allegedly violated. And to the extent that his complaint can be read as attempting common-law, state-law claims of negligence or infliction of emotional distress, the Court lacks subject matter jurisdiction over them. For these reasons, I recommend dismissal without prejudice.

## II.   BACKGROUND

On November 6, 2020, plaintiff was involved in an accident on Harvard Avenue in Stamford, Connecticut which resulted in an individual's death. (ECF Nos. 1, 12.) Plaintiff was arrested on August 12, 2021 and is currently serving a five-year sentence for evading responsibility.[2] Plaintiff brings this current action against the City alleging that the accident could

---

[1] Judge Nagala also referred plaintiff's IFP motion, however I previously decided that motion should be granted. (ECF No. 8.)
[2] The information in this section is taken from the allegations in plaintiff's complaint and from public records of his conviction and sentence. I may consider public records of a criminal case when reviewing a complaint pursuant to 28 U.S.C. § 1915(e)(2). *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (stating that a court may "take judicial notice of relevant matters of public record"); *Andrea P. v. Kijakazi*, No. 3:22-cv-354 (SRU) (TOF), 2022 WL 1050326, at *1 n.2 (D. Conn. Mar. 14, 2022) (taking judicial notice of public record). Plaintiff's records may be found by entering his name into the search box at https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx and choosing docket number FST-MV21-0062540-T. (Last visited Dec. 5, 2023.)

have been prevented if not for the "poor" and "insufficient lighting" on the street in which it occurred. (Compl., ECF No. 1.) In his complaint plaintiff notes that the City "failed to properly ensure the safety and security for its people, motorists, and civilians." Plaintiff is seeking damages for his "pain and suffering" and resulting "mental and emotional distress." *Id*. at 4-5.

Judge Nagala initially dismissed plaintiff's complaint for failure to state a claim for which relief may be granted. (ECF No. 9.) After Judge Nagala's dismissal, plaintiff submitted a letter to the court that "set[ ] forth some minimal additional details related to the accident in question." Given the latitude afforded to *pro se* litigants, Judge Nagala construed plaintiff's letter as an amended complaint, even though it was filed outside the deadline for such motions to be made. (ECF No. 13.) She then referred this case to me for an initial review of the complaint. (ECF No. 14.)

### III. DISCUSSION

A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If a complaint is frivolous or fails to state a claim, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139-40 (2d Cir. 2000). In other words, courts interpret *pro se* complaints

"to raise the strongest arguments they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

This liberality has limits, however – and one limit is that the court may not fill the gaps in a *pro se* plaintiff's complaint by imagining facts that he did not plead. Although courts "are obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports," they "cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). In *Jiles v. Rochester Genesee Regional Transportation Authority*, for example, the plaintiff sought to avoid dismissal by positing facts that were not alleged in her complaint. 217 F. Supp. 3d 688, 692-93 (W.D.N.Y. 2016). The court dismissed her case despite her "status as a *pro se* litigant and the requirement that [her] papers be read liberally," because this liberality did not permit it to "assume or invent facts in favor of Plaintiff's position." *Id*. at 692; *accord Ambrose v. Dell*, No. 12-cv-6721 (JPO), 2016 WL 894456, at *3 (S.D.N.Y. Mar. 8, 2016) ("the Court cannot invent facts Ambrose has not alleged"). As Judge Shea has written, "[e]ven a *pro se* plaintiff . . . must meet the standard of facial plausibility . . . . " *McQuay v. Pelkey*, No. 3:16-cv-436 (MPS), 2017 WL 2174403, at *2 (D. Conn. May 17, 2017).

Another limit concerns the treatment of the plaintiff's legal conclusions. When a federal court reviews a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the *pro se* plaintiff's factual claims "are assumed to be true." *Johnson v. N.Y. City Police Dep't*, 651 F. App'x 58, 59 (2d Cir. 2016) (summary order). This treatment, however, is "inapplicable to legal conclusions." *Id*. Applied to this case, this means that as I conduct my review under Section 1915(e)(2)(B)(ii), I must assume

4

that the factual allegations in plaintiff's complaint – *e.g.,* that the City of Stamford failed to provide adequate street lighting – are true.  But I should not assume the truth of plaintiff's legal conclusions, including his conclusion that he is entitled to relief.

Plaintiff brought his claim under 42 U.S.C. § 1983. (ECF No. 1 at 2.) "Section 1983 creates a federal cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or the laws of the United States." *Genao v. Detectives Endowment Ass'n*, No. 3:20-CV-1833 (AVC) (TOF), 2021 WL 11581028, at *3 (D. Conn. Feb. 10, 2021) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)) (internal quotation marks omitted). Therefore, in order to plead a  sufficient claim under Section 1983, plaintiff must allege facts that, if true, "demonstrate (1) that the defendants acted under color of state law, and (2) that the plaintiff was thereby deprived of a constitutionally or federally protected right." *Id*.  In this context to act under color of law is to have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (internal quotation marks omitted.)

Plaintiff claims his rights were violated because the City failed to adequately light the street (Compl., ECF No.1 at 10), but his Section 1983 claim fails because there is no constitutional or federal statutory right to a well-lit street.  A Section 1983 claim will be dismissed on 1915(e) review when plaintiff has failed to describe a violation of the "Constitution and laws" of the United States. In *Genao*, for example, I recommended dismissal of the plaintiff's complaint because he had "pled no facts that, if they were to be proven true, would show that the [defendant] deprived him of a constitutional or federally protected right while acting under color of law." 2021 WL 11581028, at *4.  Similarly, in *Corrado v. State of New York University Stony Brook Police*, the

court dismissed Section 1983 claims against police officers because "Plaintiff ha[d] . . . failed to allege the violation of any constitutional right." No. 15-CV-7443(SJF)(AYS), 2016 WL 4179946, at *6 (E.D.N.Y. Aug. 5, 2016). The same is true here.

In addition to plaintiff not alleging a plausible constitutional violation, he has also not shown how the City would be liable in this case. Municipalities can only be properly named as defendants in Section 1983 cases in limited circumstances. As the Supreme Court noted in *Monell v. Department of Social Services*, "a municipality cannot be held liable *solely* because it employs a tortfeasor," but rather only when the "execution of a government's policy or custom" results in the deprivation of an individual's constitutional right. 436 U.S. 658, 691, 694 (1978). In this case the plaintiff does not cite to any government policy or custom that was violated by the insufficient lighting of the street. (ECF No. 1 at 4.) Plaintiff has alleged the street lighting was inadequate, poor, and improper, *id*. at 4-5, 10, but he has pled no facts from which the Court could infer that this was the result of a policy decision by the City. Put differently, the complaint supplies no reason not to suppose that the street was dark because, say, a bulb had unexpectedly burned out. When the facts that a plaintiff pleads are as consistent with non-liability as with liability, he has not pled a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complain pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."). Thus, even if there were a constitutional duty to provide adequate streetlights, the plaintiff has not plausibly alleged that that duty was breached pursuant to a City policy or custom. In short, he has not plausibly alleged that the City violated Section 1983.

As previously noted, in reviewing complaints pursuant to 28 U.S.C. § 1915(e)(2)(B), courts recognize that *pro se* plaintiffs "cannot be expected to know all of the legal theories on

which they might ultimately recover." *Phillips*, 408 F.3d at 130. Courts accordingly do not consider themselves limited by the legal labels that the plaintiff affixed to his causes of action, but instead also consider whether "his non-conclusory factual allegations, if proven, would add up to some meritorious claim that he did not think of." *Young v. Conn.*, No. 3:20-cv-00322 (MPS), slip op. at 14 (D. Conn. Apr. 30, 2020). Applying this principle to this case, observing that plaintiff has not pled a plausible Section 1983 claim does not end the analysis. The Court must also ask itself whether his factual allegations, if true, would amount to some other, unpled claim.

Here, the plaintiff may be attempting a common law negligence claim against the City for its alleged failure to properly light the street. He may also be attempting a common law claim for negligent or intentional infliction of emotional distress. (*See* Compl., ECF No. 1, at 5) (seeking compensation for "suffering"). Yet if indeed plaintiff intended to pursue these claims, they should be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This means that a federal court is not empowered to hear just any case. Leaving aside some others that are not relevant here, a federal court can typically hear only two types of cases: (1) those that "aris[e] under the Constitution, laws, or treaties of the United States" – so-called "federal question jurisdiction" under 28 U.S.C. § 1331; and (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000.00 – "diversity jurisdiction" under 28 U.S.C. § 1332.

When a federal court lacks jurisdiction over the subject matter of a case, dismissal is required. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Yong Qin Luo v. Mikel,* 625 F.3d 772, 775 (2d Cir. 2010) ("Where jurisdiction is lacking . . . dismissal is mandatory."). In *State of Connecticut*

*v. Levi Strauss & Co.,* for example, the court declined to hear the case because "[n]either federal question nor diversity jurisdiction [was] properly invoked." 471 F. Supp. 363, 372 (D. Conn. 1979). Moreover, when subject matter jurisdiction is lacking, the complaint must be dismissed even if it was drafted by a *pro se* plaintiff. *See, e.g., Rene v. Citibank N.A.,* 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *cf. Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir. 2000) (*pro se* plaintiff bore the burden of proving subject matter jurisdiction). In other words, while *pro se* complaints are reviewed liberally, that liberality does not stretch so far as to cause a court to hear a case that is outside its jurisdiction. *Cf. Makarova,* 201 F.3d at 113; *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law").

In this case, any claims for negligence or emotional distress would invoke neither the Court's federal question jurisdiction nor its diversity jurisdiction. Complaints alleging common-law, state-law claims for pain and suffering and negligence do not raise federal questions within the meaning of 28 U.S.C. § 1331. *See Est. of Deshields by Deshields v. Prospect Acquisition I, LLC*, No. 22-CV-06614-DLI-RER, 2023 WL 2349578, at *2 (E.D.N.Y. Mar. 3, 2023); *see also Nassau Cnty. Bridge Auth. v. Olsen*, 130 F. Supp. 3d 753, 757-58 (E.D.N.Y. 2015). Moreover, plaintiff's complaint is devoid of any allegations that he and the defendant are citizens of different states. Because there is no suggestion of federal question or diversity jurisdiction, the complaint does not "allege facts that give rise to plausible grounds for federal jurisdiction." *Moran v. Town of Cheshire*, No. 3:19-CV-00637 (JAM), 2019 WL 4602855, at *1 (D. Conn. Sept. 23, 2019). Thus, even if I were to observe a negligence or infliction of emotional distress claim in plaintiff's complaint, those claims would be properly dismissed for lack of subject matter jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons, I recommend that Judge Nagala dismiss plaintiff's complaint. I further recommend that the dismissal be without prejudice. If my recommendation is accepted, this would mean that plaintiff could file an amended complaint curing the defects cited in this recommended ruling. There may be no cure for those defects, but *pro se* plaintiffs are usually permitted at least one try. *See*, *e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (*pro se* plaintiffs typically permitted "leave to amend at least once").

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If plaintiff wishes to object to my recommendation, he must file that objection with the Clerk of the Court within nineteen days.** Fed. R. Civ. P. 72(b)(2) (stating that objections to a magistrate judge's recommended disposition must be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a). If he does not do so, he may not thereafter assign as error any claimed defect in this recommended ruling. D. Conn. L. Civ. R. 72.2(a) (adding five days for litigants who, like plaintiff, will receive notice of the recommended disposition by mail rather than electronically). Failure to file a timely objection will also preclude appellate review. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dept. of Justice,* 670 F. App'x 32 (2d Cir. 2016) (summary order).

                                               */s/ Thomas O. Farrish*
                                                Hon. Thomas O. Farrish
                                              United States Magistrate Judge